UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MILTON B. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 13-12629-FDS |
| ) | |
| NEW ENGLAND SCAFFOLDING, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON
MOTION FOR SUMMARY JUDGMENT**

**SAYLOR, J.**

This is a negligence action arising out of a workplace injury. Plaintiff Milton B. Adams, while working as an employee of non-party Rockwood Corporation, fell from a height of approximately 39 feet off from scaffolding that had been at least partially constructed by defendant New England Scaffolding, Inc ("NES"). The complaint alleges that NES constructed the scaffolding in a negligent and unsafe manner and that Adams sustained severe neck and back injuries as a result of the fall. Jurisdiction is based on diversity, as Adams is a resident of Maine and NES is a Massachusetts corporation.

Defendant has moved for summary judgment. Because the Court finds multiple disputes as to material facts, the motion will be denied.

**I.   Background**

    **A.   Factual Background**

The following facts are undisputed unless otherwise noted.

In the fall of 2011, Rockwood Corporation was hired by the South Central Connecticut Regional Water Authority to refurbish the Saltonstall Ridge Water Storage Tank in East Haven, Connecticut.  (Def. SMF ¶ 1; Compl. ¶ 6).  Rockwood contracted with defendant NES to erect certain scaffolding both inside and outside the water tank.  (*Id.*).

In October 2011, Milton B. Adams was working as a laborer on the water tank project for Rockwood.  (Def. SMF ¶ 27; Compl. ¶¶ 5, 9).  His specific job duties included removing paint from the exterior of the water tank.  (Compl. ¶ 9).

On October 22, 2011, Adams ascended to the top level of the exterior scaffolding in order to perform his paint-removal duties.  (Def. SMF. ¶ 15; Compl. ¶ 10).  In order to do so, he used a temporary stairway that had been installed for the purposes of the project.  (Def. SMF ¶ 21).  Upon reaching the top level, he fell from a height of approximately forty feet to the ground below.  (Def. SMF ¶¶ 23-24).  According to the complaint, Adams suffered "severe neck and back injuries in the fall."  (Compl. ¶ 12).

### B.     Procedural Background

Adams filed this lawsuit on October 17, 2013.  On April 30, 2015, NES moved for summary judgment.

## II.     Legal Standard

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (internal quotation marks omitted).  Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Essentially, Rule 56[] mandates the entry of summary judgment 'against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Coll v. PB Diagnostic Sys.*, 50 F.3d 1115, 1121 (1st Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In making that determination, the court must view "the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." *Noonan v. Staples, Inc.*, 556 F.3d 20, 25 (1st Cir. 2009). When "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). The non-moving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id.* at 256-57.

### III.   Analysis

In order to prove his negligence claim, Adams must prove that NES owed him a duty; that it breached that duty; that the breach caused his accident; and actual injury. *Archambault v. Soneco/Northeastern, Inc.*, 287 Conn. 20, 32 (2008).[1] NES contends that it owed Adams no duty and that none of its conduct caused his alleged injuries.

Without determining the ultimate merits of its contentions, the Court finds that NES has not met its burden to demonstrate that it is entitled to summary judgment. Numerous issues of disputed material fact appear on the record; among others, they include (1) whether NES knew or should have known that Rockwood would use the exterior scaffolding as a working platform; (2) whether Rockwood reasonably believed that NES would inform it of any safety-related

---

[1] Because the injury and conduct in question took place in Connecticut, and because no other state has a more significant relationship to the parties, the law of Connecticut applies to this action. *See Cosme v. Whitin Mach. Works, Inc.*, 417 Mass. 643, 646-47 (1994) (explaining that Massachusetts follows the rule of the Restatement (Second) of Conflict of Laws § 146 (1971) that "the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to some particular issue, some other state has a more significant relationship . . . to the occurrence and the parties").

restrictions that applied to the scaffolding; and (3) whether and to what extent Adams's own negligence contributed to his injuries.[2]  Those disputes are properly resolved by the finder of fact.

      Accordingly, defendant's motion for summary judgment will be denied.

### IV.  Conclusion

      For the reasons set forth above, defendant's motion for summary judgment is DENIED.

**So Ordered.**

                                              /s/ F. Dennis Saylor  
                                              F. Dennis Saylor IV  
Dated: July 8, 2015                        United States District Judge

---

[2] Pierce Law, the vice president and designated representative of Rockwood Corporation, testified at his deposition that he informed an NES manager that Rockwood would be removing and replacing exterior paint from the water tank around which the scaffolding was to be built.  (Law Dep. at 43).  That testimony is sufficient to create a disputed issue of material fact as to whether NES should have known that Rockwood would require a working platform on the exterior of the scaffolding.

      Although defendant contends that Law's testimony constitutes inadmissible hearsay, the Court disagrees; evidence of Law's statement to the NES manager would not be offered to prove the truth of the matter asserted, but instead to establish that NES was on notice of Rockwood's intention to conduct work on the exterior scaffolding. *See* Fed. R. Evid. 801(c) ("'Hearsay' means a statement that:  (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.").